43 F.3d 1486
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John L. DAVIS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 94-3496.
 United States Court of Appeals, Federal Circuit.
 Dec. 14, 1994.
 
 Before RICH, PLAGER, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 John L. Davis is a veteran who was reduced in grade pursuant to a Reduction in Force (RIF) from his position as a Special Projects and Communication Advisor, GM-301-15, to a position as a Public Affairs Specialist, GM-1035-14. Davis appeals from a decision of the Merit Systems Protection Board (MSPB or Board) sustaining the Army in its application of the RIF.[1] Because we find no reversible error in the decision of the Board, we affirm.
 
 DISCUSSION
 
 2
 Davis was the sole occupant of his competitive level, Special Projects and Communication Advisor. For budgetary reasons, on March 15, 1993, the Army gave Davis a RIF notice effective June 7, 1993. Davis was deemed to have assignment rights to a vacant position of Public Affairs Specialist, GM-1035-14, which he accepted.
 
 
 3
 On June 24, 1993, Davis appealed to the MSPB. Davis alleged, inter alia, that the Army (1) improperly denied Davis assignment rights to a grade 15 position; (2) erroneously established his competitive level.[2]
 
 
 4
 This court employs a narrow standard of review over the Board's resolution of government employment cases. We must affirm a decision of the Board unless it is:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence.
 
 
 8
 5 U.S.C. Sec. 7703(c) (1988). This case hinges on the application of settled law to uncontested facts. Davis does not allege that the Board's decision was procedurally defective. We therefore consider only whether the Board's decision was arbitrary.
 
 
 9
 The Veteran's Preference Act of 1944, codified as amended in scattered sections of U.S. Code Title 5, establishes a preference for veterans who are able to perform substantially the same work.
 
 
 10
 The Commission shall prescribe and enforce regulations ... that implement the Congressional policy that preference shall be given to preference eligibles in certification for appointment, and in appointment, reinstatement, reemployment, and retention, in the competitive service in Executive agencies ...
 
 
 11
 5 U.S.C. Sec. 1302(b) (1988). See generally Hilton v. Sullivan, 334 U.S. 323 (1948).
 
 
 12
 In the context of this long-standing government employment policy, Davis alleges that he has been wronged, and that his wrong can be viewed in two ways. First, Davis argues that he has performed each of the tasks that define the Assistant Chief of Staff, another grade 15 position.[3] Therefore, Davis contends, he should be deemed to have assignment rights for the Assistant Chief of Staff position. Second, Davis alleges that the Army incorrectly established his competitive level, thereby narrowing the range of positions to which he received assignment rights. The thrust of both arguments is that Davis has both experience and uncontested status as a veteran, which together entitle him to the Assistant Chief of Staff position.
 
 
 13
 Regulation provides that an employee exercising assignment rights must comply with Office of Personnel Management (OPM) requirements for the position. See 5 C.F.R. Sec. 351.702(a)(1) (1993).[4] In this case, OPM testified that the Assistant Chief of Staff position requires experience in the day-to-day management of an office. OPM also requires that an applicant for a position of GS-13 or above have a year of specialized experience equivalent to that in the next lower grade. The Board concluded that, while Davis has asserted that he has such experience at the GM-13 level, he does not have day-to-day office management experience at the GM-14 level or its equivalent. On the record before us, we cannot say that either OPM's requirement that the Assistant Chief of Staff have experience managing a large office, or that OPM's judgment that Davis's office management experience is inadequate, is arbitrary.
 
 
 14
 Second, Davis argues that the Army narrowed the range of positions for which he was eligible to receive assignment rights by incorrectly establishing his competitive level. Regulation requires agencies to establish competitive levels.
 
 
 15
 Each agency shall establish competitive levels consisting of all positions in a competitive area ... which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that the incumbent of one position could successfully perform the critical elements of any other position upon entry into it, without any loss of productivity beyond that normally expected in the orientation of any new but fully qualified employee.
 
 
 16
 5 C.F.R. Sec. 351.403(a).
 
 
 17
 To the MSPB Davis argued that a number of positions should have been included in his competitive level but were not. Davis also argued that the Army had not considered the specifics of his old position, and that therefore, the Army had not established by a preponderance of the evidence that Davis's competitive level was correct. The Board reviewed in detail the positions suggested by Davis. The Board found that the positions put forth by Davis as similar to his old position of Special Projects and Communications Advisor were in fact quite different, and concluded that the Agency had sustained its burden of proving, by preponderant evidence, that Davis's competitive level was properly established. Again, on the record before us, we cannot say that the Board's conclusion regarding the Army's evaluation of the position was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.
 
 
 
 [1]
 On February 4, 1994, an Administrative Judge issued an initial decision, Dkt. No. DC-0351-93-0543-I-2. On March 28, 1994, Davis petitioned for review of the AJ's decision by the full Board. In an order dated June 20, 1990, the full Board denied the petition for review and the initial decision became the final decision of the Board. See 5 C.F.R. Sec. 1201.113(b) (1993). Davis timely appeals the Board's decision to this court
 
 
 [2]
 We do not consider arguments that Davis made to the trial forum which Davis abandoned on appeal
 
 
 [3]
 Davis originally argued that he was prepared for numerous other positions. On appeal, however, he has focused on the Assistant Chief of Staff position
 
 
 [4]
 In pertinent part, the regulation provides:
 Sec. 351.702 Qualifications for assignment.
 (a) Except as provided in Sec. 351.703, an employee is qualified for assignment under Sec. 351.701 if the employee:
 (1) Meets the OPM standards and requirements for the position, including any minimum educational requirement, and any selective placement factors established by the agency;
 
 
 [5]
 C.F.R. Sec. 351.702